```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
HUATAI INSURANCE COMPANY OF CHINA    :
LIMITED,
                       Plaintiff,    :

               v.                    :   ECF

M/V "TAINO MAIDEN" V. 12, her boilers, :  ANSWER AND
engines, tackle, etc., in rem,           CROSS-CLAIM
                                     :
           -and-                         07 Civ. 11280(MGC)
                                     :

TBS SHIPPING SERVICES INC., ROYMAR   :
SHIP MANAGEMENT INC., VIKING
INTERNATIONAL TRANSPORTATION CO.,    :
LTD., SUN LINE INTERNATIONAL
TRANSPORTATION CO. LTD., TBS PACIFIC :
LINER, LTD.,
                                     :
                      Defendants.
------------------------------------x
```

Defendants, TBS SHIPPING SERVICES, INC., ("TBS Services") ROYMAR SHIP MANAGEMENT INC. ("Roymar"), VIKING INTERNATIONAL CARRIERS INC. ("Viking"). and TBS PACIFIC LINER, LTD. ("TBS-PL"), by its attorneys, CARDILLO & CORBETT, as and for their answer to the Complaint, allege as follows:

1.  Deny each and every allegation contained in paragraph FIRST of the Complaint, except admit that plaintiff's claims are within the admiralty and maritime jurisdiction of this Honorable Court.

2.  Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph SECOND of the Complaint.

3. Deny each and every allegation contained in paragraph THIRD of the Complaint.

4. Deny each and every allegation contained in paragraph FOURTH of the Complaint.

5. Deny each and every allegation contained in paragraph FIFTH of the Complaint.

6. Deny each and every allegation contained in paragraph SIXTH of the Complaint.

7. Deny knowledge or information sufficient to form as belief as to the truth of the allegations contained in paragraph SEVENTH of the Complaint

8: Deny each and every allegation contained in paragraph EIGHTH of the Complaint.

AS AND FOR A
FIRST AFFIRMATIVE DEFENSE

9. The bill of lading sued upon by plaintiff expressly incorporated all of the terms and conditions, liberties and exceptions, including the law and arbitration clause of the booking note dated June 28, 2006, between TBS-PL and Sun Line International Transportation Co. Ltd. ("Sun Line")(the "Booking Note").

10. The arbitration clause contained in the Booking Note provides for all disputes thereunder to be brought in arbitration in New York.

11. The bill of lading, clause 24, also provides for

2

all disputes thereunder to be brought in arbitration in New York.

12. Neither TBS nor Roymar are parties to the bill of lading or the Booking Note, and therefore are not bound to arbitrate.

13. Therefore the claim by plaintiff against TBS-PL and Viking is subject to arbitration in New York and the Court should stay this action and refer the matter to arbitration pursuant to 9 U.S.C. §3.

AS AND FOR A<br>SECOND AFFIRMATIVE DEFENSE

14. The Complaint fails to state a claim upon which relief can be granted against Defendants.

AS AND FOR A<br>THIRD AFFIRMATIVE DEFENSE

15. The Court lacks jurisdiction over Defendants due to insufficient process.

AS AND FOR A<br>FOURTH AFFIRMATIVE DEFENSE

16. The Court lacks jurisdiction over Defendants, Viking and TBS-PL on the grounds that there are insufficient contacts with the forum and that consequently the Court may not exercise jurisdiction over Defendants consistent with principles of due process.

AS AND FOR A
FIFTH AFFIRMATIVE DEFENSE

17.  The shipment alleged in the complaint was subject to all the terms, conditions, and exceptions contained in the bill of lading alleged in the complaint. Any loss or damage to the goods, which is denied, was due to causes for which Defendants are not liable or responsible by virtue of the provisions of said bill of lading or the Booking Note incorporated in the bill of lading.

AS AND FOR A
SIXTH AFFIRMATIVE DEFENSE

18.  The shipment alleged in the complaint was subject to all the provisions of Carriage of Goods By Sea Act, 46 U.S.C. 1300, et. seq., ("COGSA") and/or the Hague Rules, and/or the Hague-Visby Rules. Any loss or damage to the goods, which is denied, was due to causes for which Defendants are not liable or responsible by virtue of the provisions of COGSA, the Hague Rules or the Hague-Visby Rules.

AS AND FOR A
SEVENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claim is barred by the statute of limitations incorporated in the subject bill of lading and/or applicable under COGSA, the Hague Rules or the Hague-Visby Rules.

AS AND FOR AN
EIGHTH AFFIRMATIVE DEFENSE

20. Any loss or damage to the aforementioned shipment, which is denied, was caused by the act or omission of the shipper of the goods or its agents or representatives and accordingly Defendants are not liable therefor.

AS AND FOR A
NINTH AFFIRMATIVE DEFENSE

21. If the goods were damaged in any respect, which is denied, then such damage was caused, in whole or in part, by the negligence or fault of plaintiff or of some other party for whom Defendants are not responsible.

AS AND FOR A
TENTH AFFIRMATIVE DEFENSE

22. If the goods were damaged in any respect, which is denied, then such damage was caused, in whole or in part, by the inherent vice of the cargo and/or because the cargo was improperly prepared for shipment.

AS AND FOR AN
ELEVENTH AFFIRMATIVE DEFENSE

23. Due diligence was used to make the vessel seaworthy and to secure that it was properly manned, equipped and supplied and to make the holds and all other parts of the vessel in which goods were carried safe and fit for their reception, carriage and preservation. Accordingly, if the shipment referred to in the complaint sustained any loss or

damage while it was in the custody or possession of Defendants due to any unseaworthiness of the vessel, which is denied, Defendants are not liable therefor.

AS AND FOR A
TWELFTH AFFIRMATIVE DEFENSE

24. If plaintiff is entitled to any recovery, which is denied, such recovery must be limited in accordance with the terms of the subject bill of lading and/or provisions of COGSA, the Hague Rules or the Hague-Visby Rules.

AS AND FOR A
CROSS-CLAIM AGAINST DEFENDANTS,
SUN LINE INTERNATIONAL CO., LTD.

25. The Court has jurisdiction over this claim pursuant to 28 U.S.C. §1333, and it is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

26. By asserting this cross-claim, Defendants do not intend to waive, and hereby reserve and reassert their defenses to the Complaint of insufficient service of process, lack of personal jurisdiction, and forum non conveniens.

27. By asserting this cross-claim Defendants do not intend to waive, and hereby reserve the right to bring this cross-claim in arbitration pursuant to the terms of any applicable contract or contracts between TBS-PL and Sun Line.

28. If Defendants are held liable to plaintiff for

all or any part of the alleged loss or damage to the goods, then such damage was caused, in whole or in part, by the negligence or fault of Sun Line, and Sun Line is liable to Defendants for indemnity or contribution, in whole or in part, for the amount for which Defendants may be held liable to plaintiff and for all costs and reasonable attorneys' fees incurred in the defense of plaintiff's claim and pursuit of the cross-claim.

WHEREFORE, Defendants, TBS SHIPPING SERVICES, INC., ROYMAR SHIP MANAGEMENT INC., VIKING INTERNATIONAL CARRIERS INC. and TBS PACIFIC LINER, LTD. demand judgment:

1.  Dismissing the complaint in its entirety;

2.  Granting it judgment on its cross-claim in their favor against Defendant, Sun Line International Transportation Co., Ltd.);

3.  Granting it costs and disbursements of this action, including reasonable attorneys' fees; and

4.  Granting such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         February 4, 2008

                                    CARDILLO & CORBETT
                                    Attorneys for Defendants
                                    TBS SHIPPING SERVICES, INC.,
                                    ROYMAR SHIP MANAGEMENT INC.,
                                    VIKING INTERNATIONAL CARRIERS
                                    INC. and TBS PACIFIC LINER, LTD.

                                    By: _/s/ Tulio R. Prieto_____
                                        Tulio R. Prieto (TP 8455)

                                    Office & P.O. Address
                                    29 Broadway
                                    New York, New York 10006
                                    Tel: (212) 344-0464
                                    Fax: (212) 797-1212

TO:   Badiak & Will
      106 Third Street
      Mineola, New York 11501-4404
      Ref: 07-W-006-AW